O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#133,134,135

## CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CR 10-00011 PSG | Date | Sept. 6, 2011 |
| Title | U.S.A. v. Richard R. Lopez, Jr., M.D. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:** **(In Chambers) Order DENYING Defendant's motions to dismiss based on statute of limitations**

    Before the Court are Defendant Richard R. Lopez, Jr.'s ("Defendant" or "Dr. Lopez") motions to (1) dismiss count one based on the statute of limitations, or in the alternative strike overt acts 17-21 and/or submit issue to jury; and (2) to dismiss counts two through eight of the indictment based on the statute of limitations, or in the alternative, to submit issue to jury. *See* Dkt. # 133 (July 25, 2011); Dkt. # 134 (July 25, 2011).[1] In bringing these motions, Defendant seeks to invalidate a series of agreements between him and the government tolling the statute of limitations.[2] In relevant part, the Tolling Agreements provide that:

> Lopez agrees and understands that the government may present evidence to a new or subsequent grand jury by way of a summary witness or witnesses, and that the government is not required to present all of the evidence to the subsequent grand jury that was presented to earlier grand juries. Lopez further agrees and understands that in the event he is charged in an indictment, he will not raise any claims against the government arising from (1) the fact that the government presented the case to a subsequent grand

---

[1] Although filed separately, these motions raise substantially similar issues. Accordingly, the Court addresses them together.

[2] The Court assumes familiarity with the factual and procedural history of this case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#133,134,135

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 10-00011 PSG | Date | Sept. 6, 2011 |
|---|---|---|---|
| Title | U.S.A. v. Richard R. Lopez, Jr., M.D. | | |

> jury, (2) the government's presentation of the case to
> the subsequent grand jury by way of a summary witness
> or witnesses, (3) the government's selection of the
> evidence to be presented to the subsequent grand jury,
> or (4) any failure or alleged failure by the government
> to present all of the evidence to the subsequent grand
> jury that was presented to earlier grand juries.

*Opp'n* 2:13-21 [Dkt. # 141 (Aug. 2, 2011)]; *see also* Dkt. # 84 at 4 (Dec. 16, 2010) (Order denying Defendant's motion to dismiss the Indictment on grounds of grand jury defects and prosecutorial misconduct ). Defendant now argues that the government's presentation to the second grand jury breached the terms of the Tolling Agreements. Relying on principles of California contract law, he further contends that the agreements are therefore subject to rescission and that the Indictment should accordingly dismissed based on the statute of limitations.

    The Court, however, disagrees. As explained in its December 16, 2010 Order, the Tolling Agreements restricted Defendant's ability to challenge the government's grand jury presentation; they did not affirmatively require the government to do anything. *See* Dkt. # 84 at 4 (Dec. 16, 2010). Contrary to what Defendant argues, there is nothing ambiguous about the use of "evidence" or "summary" in these agreements, and therefore no basis for considering extrinsic evidence about what Defendant's prior counsel understood those words to mean. Moreover, as pointed out in the government's opposing papers, the Court has already rejected Defendant's specific arguments that the government's presentation of evidence to the grand jury was misleading or unfair. *See* Dkt. # 84 (Dec. 16, 2010). His attempts to revive these arguments in the guise of a contract claim are therefore not well-taken.[3]

    Lastly, the Court declines Defendant's invitation to present a jury with the issues raised in this motion. The interpretation of the Tolling Agreements and concomitant applicability of the statute of limitations are questions of law appropriately resolved by this Court, not a jury. *See Brawthen v. H & R Block, Inc.*, 28 Cal. App. 3d 131, 138 n.1 (1972).

---

[3] Because the Court declines to rescind the Tolling Agreements on grounds of material breach, it need not address Defendant's argument with respect to whether Overt Acts 17 through 21 bring the rest of Count One within the statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#133,134,135**

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 10-00011 PSG | Date | Sept. 6, 2011 |
|---|---|---|---|
| Title | U.S.A. v. Richard R. Lopez, Jr., M.D. | | |

Accordingly, Defendant's motions are DENIED.

**IT IS SO ORDERED.**